IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR, et al., | No. C 05-04475 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| DEBORAH GOLDSTEIN, et al., | |
| Defendants. | |

Now before the Court is plaintiff Maureen Keating's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from her application that her assets and income are insufficient to enable plaintiff to prosecute the action.

Viewing plaintiff's application in isolation, it appears that she should be allowed to proceed IFP. The Court notes, however, that plaintiff is joined by two other plaintiffs, who are also representing themselves: Daniel Keating-Traynor and Terrence Traynor. Neither Keating-Traynor nor Traynor have submitted affidavits in support of the application to proceed in forma pauperis, and they did not execute the application submitted by Keating. For this reason alone the Court must deny plaintiffs' application to proceed without payment

of the required fees.

In addition, a court is under a continuing duty to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

In this case plaintiffs appear to challenge the treatment of plaintiff Daniel Keating-Traynor while in foster case, as well as the treatment of his natural parents, plaintiffs Maureen Keating and Terrence Traynor. The complaint makes federal and state law claims, and, in the caption, identifies nearly 58 different defendants. Before the Court will authorize service of process on 58 separate defendants–several of whom are located out of state–plaintiffs' complaint must allege facts which show they have viable claims against these defendants. Plaintiffs' complaint does not do so; instead, it alleges that certain defendants "conspired" together without alleging any facts as to the conspiracy or the allegedly unlawful conduct that they conspired to engage in.

This Court's jurisdiction is based on the federal law claims. Accordingly, the Court's initial analysis of whether the complaint states a claim, and thus whether plaintiffs may proceed in forma pauperis, will focus on the federal claims. Plaintiffs must amend their federal claims to set forth the factual basis for each claim, including the factual basis for naming a particular individual or entity as a defendant to such claim. Specifically, plaintiffs must set forth the factual basis for their claims under section 1983 and section 1985, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as the Alien Tort Claims Act. It is not sufficient for plaintiffs to identify certain defendants by name and then allege that they violated the law; plaintiffs must plead the facts that give rise to their claims.

Accordingly, on or before December 30, 2005 plaintiffs shall (1) submit applications to proceed in forma pauperis from *all* plaintiffs, and (2) file an amended complaint which

//
//
//

pleads the factual basis for plaintiffs' federal claims.

**IT IS SO ORDERED.**

Dated: Nov. 21, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE