IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR, et al., | No. C 05-04475 CRB |
| Plaintiffs, | **ORDER RE: MOTIONS FOR SEPARATE JUDGMENT** |
| v. | |
| DEBORAH GOLDSTEIN et al., | |
| Defendants. | |

By Memorandum and Order filed June 16, 2006, the Court granted the motions to dismiss for lack of personal jurisdiction of Ann Larabee, Providence Health System-Washington, and Osamu Matsutani (collectively "the Alaska defendants"). Now pending before the Court are the Alaska defendants' motions for a separate judgment pursuant to Federal Rule of Civil Procedure 54(b). After carefully considering the Alaska defendants' motions and plaintiffs' opposition dated August 7, 2006, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the Alaska defendants' motions.

Federal Rule of Civil Procedure 54(b) provides, in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In determining whether to enter a Rule 54(b) separate judgment, the district court must engage in a two-part inquiry.  The court "must first determine that it is dealing with a 'final judgment.'  It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).   Once the district court finds that a decision was "final," it "must go on to determine whether there is any just reason for delay."  Id.

The factors the district court may consider in making these inquiries are whether certification would not result in unnecessary appellate review; whether the claims finally adjudicated are separate, distinct, and independent of any of the other claims or counterclaims involved, whether review of these adjudicated claims would not be mooted by any future developments in the case, and whether the nature of the claims is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals; and the prejudice to the parties if the decision is not immediately appealable.  Id. at 5.

The Court's dismissal of the Alaska defendants was "final" and there is no just reason for delay.  The issue as to whether the Court has personal jurisdiction of the Alaska defendants is separate and independent from the issues as to the other defendants.  Thus, there is no danger that another appellate court will have to decide the same or similar issues on a subsequent appeal by plaintiffs or other defendants.  See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993) (holding that a Rule 54(b) separate judgment is appropriate for a dismissal of some parties on personal jurisdiction grounds).  Moreover, plaintiffs' pending motion for reconsideration does not address the Alaska defendants.  The Court will issue a separate judgment forthwith.

**IT IS SO ORDERED.**

Dated: August 22, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE